IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **SHAILES ZACHARY,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-1146-O-BP |
| | § | |
| **PACIFIC RAIL SERVICES,** | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On April 3, 2023, the Parties filed a Joint Motion to transfer the case to arbitration. ECF No. 15. According to the Motion, the parties had entered into a binding arbitration agreement that required them to pursue claims in arbitration under the Federal Arbitration Act. *Id*. Pursuant to the agreement, the parties "mutually agreed to continue this matter in arbitration before a single neutral arbitrator. . . ." *Id*. They have asked the Court to stay this matter pending arbitration. *Id*.

Despite the joint request to stay the case, the Court must determine if it is appropriate to stay or dismiss this action. Section 3 of the Federal Arbitration Act provides that when claims are properly referable to arbitration, the court shall stay the trial of the action until the arbitration is complete. 9 U.S.C. § 3. However, the Fifth Circuit clarifies that this rule is "not intended to limit dismissal of a case in the proper circumstances." *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992). "The weight of authority clearly supports dismissal of the case when *all* of the issues raised in the district court must be submitted to arbitration." *Id*. (citing other cases).

It is unclear to the Court whether the parties' arbitration agreement encompasses all of the issues raised in plaintiff's complaint. Therefore, while the Court ordinarily dismisses with prejudice cases that are transferred to arbitration, because the agreement may not cover all of the

claims raised, and noting that the parties jointly have requested that the Court stay the case, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** the Joint Motion to Transfer to Arbitration (ECF No. 15) and stay all deadlines until after the arbitration proceeding concludes. The undersigned also recommends that Judge O'Connor (1) instruct the Clerk of Court to administratively close this case until further order and (2) order the parties to file a joint status report within thirty days after conclusion of the arbitration proceedings addressing whether the case should be dismissed at that time.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on April 7, 2023.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

2